IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES B. BUNKER,<br><br>    Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, individually and as successor to SOUTHERN PACIFIC TRANSPORTATION COMPANY,<br><br>    Defendants.<br>_____/ | No. C 05-04059 JSW<br><br>**ORDER GRANTING MOTION TO TRANSFER** |

    Now before the Court is the motion filed by Defendant Union Pacific Railroad ("the Railroad") to transfer venue to the District of Nevada pursuant to 28 U.S.C. § 1404. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS the Railroad's motion to transfer venue. The Court finds the present motion appropriate for decision without oral argument and hereby VACATES the hearing and the case management conference set for January 27, 2006. *See* Civil L.R. 7-1(b).

**BACKGROUND**

    Plaintiff is a resident of Las Vegas, Nevada. (Declaration of Michael L. Johnson ("Johnson Decl."), Ex. A.) Defendant Railroad, a corporation engaged in the business of a common carrier by railroad in interstate commerce, has its Western Regional Headquarters in Roseville, California and has a principal place of business, for the purpose of venue, in every state in which it operates. (Complaint at ¶ 1; Reply at 1.)

Plaintiff was employed by Defendant Railroad from September 28, 1971 until October 20, 2003 and worked out of Las Vegas, Nevada from May 22, 1978 onward. (Johnson Decl., Exs. A, B.) Plaintiff alleges that during the course of his employment, he was caused to suffer cumulative trauma to his back. (Complaint at ¶¶ 4, 8, 9.) Plaintiff's complaint of cumulative trauma has resulted in treatment with at least three physicians in the Las Vegas area, including his treating physician, Dr. Ramin Eefebar, who treated Plaintiff from February 7, 1997 to January 21, 2004, his surgeon, Dr. Jaswinder S. Grover, who performed anterior/posterior lumbar fusion surgery on April 21, 2002, and Dr. Firooz Mashhood, who examined Plaintiff and filled out a certificate of disability and progress report at the conclusion of Plaintiff's employment with the Railroad. (Johnson Decl., Exs. C, D, E.)

Counsel for Plaintiff are located in San Francisco, California. In opposition to the motion to transfer, Plaintiff claims that in past similar cases, Defendants have disclosed both Railroad employees and expert witnesses who reside and work in various states, including California, Nebraska, Colorado and Michigan, and that the expert witnesses Plaintiff intends to reply upon – an economist, a vocational rehabilitation specialist, an expert on railroad practices and training and a biomechanics expert – are all located in California.

**ANALYSIS**

The Railroad seeks to have the Court transfer this action to the District Court of Nevada. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice.

A district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *Gulf*

2

1  *Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495,
2  498-99 (9th Cir. 2000). As the moving party, Defendant bears the burden of showing that the
3  inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. &
4  P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). If the balance of convenience weighs strongly
5  in favor of transfer, the Court may accord less deference to a plaintiff's chosen forum. *Id.*

6  There is no dispute that Plaintiffs could have sued Defendant in Nevada. Accordingly,
7  the Court weighs the relevant competing factors to determine which forum is appropriate under
8  the circumstances.

9  **1.  Plaintiff's Choice of Forum.**

10 The deference accorded to a plaintiff's chosen forum should be balanced against both
11 the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including
12 those relating to a plaintiff's cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d
13 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original
14 selection and that forum has no particular interest in the parties or the subject matter, [a]
15 plaintiff's choice is only entitled to minimal consideration." *Id.*

16 Here, Plaintiff is a resident of Nevada. Additionally, as Plaintiff worked for the majority
17 of his tenure in Las Vegas, Nevada and never worked or was injured in this jurisdiction. There
18 is no particular cause of action or allegation giving rise to the claims in the complaint which
19 occurred in this district. The complaint does not allege that acts in this district gave rise to the
20 claims.

21 Therefore, the Court concludes that Plaintiff's choice of forum, although entitled to
22 some deference, does not weigh against transfer in this matter.

23 **2.  Convenience of the Witnesses and Parties**.

24 In addition to considering the Plaintiff's choice of forum, the Court will consider the
25 relative convenience to all the parties involved in the lawsuit of the competing forums when
26 deciding a motion to transfer. *Gulf Oil*, 330 U.S. at 508.

27 The convenience of witnesses is often the most important factor in resolving a motion to
28 transfer. The trial court looks at who the witnesses are, where they are located, and the

3

relevance of their testimony. *A.J. Industries, Inc. v. United States District Court*, 503 F.3d 384, 389 (9th Cir. 1974). The Railroad has set forth a declaration listing at least three seminal witnesses, all of whom reside in Las Vegas. Plaintiff has only made the concession that should the Nevada witnesses need to be available, Plaintiff is "willing to make the appropriate travel arrangements for deposition and trial testimony" and to bear the expense. (Opp. at 6, 2.) However, because the witnesses essential to this case reside in Nevada and are not subject to this Court's subpoena power, and because the Railroad has proffered evidence of specific witnesses who would be inconvenienced by having to testify in this district, the Court finds the convenience of the witnesses and parties factor weighs in favor of transfer.[1]

**3.    Familiarity of the Forum With the Applicable Law.**

Because neither party has demonstrated that either forum would be more familiar with the law involved, the Court finds this factor to be neutral.

**4.    Ease of Access to Evidence.**

Because Defendant Railroad has demonstrated that Plaintiff's primary work history, his medical treatment for those injuries and the cumulative injuries allegedly suffered by Plaintiff all occurred in Las Vegas, Nevada, it is apparent that the majority of the evidence is located in the Las Vegas area. Therefore, this factor weighs in favor of transfer.

**5.    Relative Congestion.**

Because neither party has demonstrated that either forum would be less congested, the Court finds this factor to be neutral.

---

[1] In addition, Plaintiff's counsel's contention that they may be inconvenienced by transfer as they are located in Northern California bears no weight in the analysis of convenience of the witnesses and parties. *See Soloman v. Continental American,* 472 F.2d 1043, 1047 (3d Cir.1973) ("The convenience of counsel is not a factor to be considered."); *In re Horseshoe Ent.,* 305 F.3d 354, 358 (5th Cir.2002) (the factor of "location of counsel" is irrelevant and improper for consideration in determining the question of transfer of venue).

4

**CONCLUSION**

Due to the convenience of the witnesses and the access to evidence, the Court GRANTS Defendant's motion to transfer to the case to the United States District Court for the District of Nevada. The Clerk is directed to transfer this case, forthwith.

**IT IS SO ORDERED.**

Dated: January 23, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE